UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNIE CASEY,

    Plaintiff,

v.                                       Case No. 5:24-cv-112-RH/MJF

FLORIDA DEPARTMENT OF
REVENUE CHILD SUPPORT
PROGRAM, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with two court orders and failed to prosecute this action.

### I. BACKGROUND

Plaintiff commenced this action on June 5, 2024, by filing a civil rights complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. On June 26, 2024, the undersigned denied the motion for leave to proceed *in forma pauperis* because Plaintiff failed to provide sufficient information for the court to determine whether he was able to pay the filing fee. *See* Doc. 4. The undersigned ordered Plaintiff to (1) file a new

application for leave to proceed *in forma pauperis*, (2) pay the $405.00 filing fee, or (3) file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Doc. 4. The undersigned imposed a compliance deadline of July 17, 2024, and warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On July 30, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of June 26, 2024. Doc. 5. The deadline to respond to the show-cause order was August 14, 2024. As of the date of this report and recommendation, Plaintiff has not responded to that order.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*,

370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 19th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**